UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK, | No. 2:16-cv-00653-TLN-KJN |
| Respondent/Plaintiff, | |
| MIKE ALEALI, LESLIE M. KLOTT, LAW OFFICES OF LES ZIEVE, | <u>SUA SPONTE REMAND ORDER</u> |
| Respondents, | |
| v. | |
| DARWIN ORTEGA, | |
| Petitioner/Defendant. | |

This matter is before the Court pursuant to Defendant Darwin Ortega's ("Defendant") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court hereby remands the action to the Superior Court of California, County of Solano, due to lack of subject matter jurisdiction.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about December 7, 2015, Plaintiff Deutsche Bank ("Plaintiff") brought an action through its attorneys, Mike Aleali and Leslie M. Klott, against Defendant and at least one other individual[1] for possession of the real property known as 1713 Tuolumne St., Vallejo, CA 94589-

---

[1] The Complaint also names Rebeca Zavaleta and Does 1–5 as defendants in this action. (Verified Complaint for Unlawful Detainer, ECF No. 1 at 12.) It appears, however, that these individuals have not sought removal.

1

2618 ("the Property").  (Verified Complaint for Unlawful Detainer, ECF No. 1 at 12.)  The Complaint alleges that Plaintiff became owner of the property by purchasing it at a trustee's sale.  (ECF No. 1 at 12.)  Plaintiff states that Defendant was provided notice to quit possession of the property on November 10, 2015.  (ECF No. 1 at 13.)  Plaintiff asserts that Defendant failed to comply.  (ECF No. 1 at 13.)

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1443(1), removal of an action to federal court is also permitted where the pending action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

## III.    ANALYSIS

Defendant removed this case to this Court citing a string of statutory authorities.  Specifically, Defendant states that removal is proper "pursuant to, but not limited to" 15 U.S.C. § 1692k(d), 28 U.S.C. § 1443(1), 28 U.S.C. § 1441, 28 U.S.C. § 1446(b), and 28 U.S.C. § 1331.[2]

---

[2] Although Defendant alludes to the fact that his grounds for removal to this Court are not exhaustive, the Court will only consider the grounds actually articulated by the Defendant in assessing whether removal is appropriate.  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.

(ECF No. 1 at 1–2.) Defendant's brief provides no additional legal analysis as to why removal is appropriate under each of these statutes. Nonetheless, the Court reviews each statutory ground for removal in turn and finds no grounds for subject matter jurisdiction.

A. <u>Diversity and Federal Question Jurisdiction - 28 U.S.C. § 1441</u>

28 U.S.C. § 1441 provides two paths to removal: 1) federal question jurisdiction under 28 U.S.C. § 1331; and 2) diversity jurisdiction under 28 U.S.C. § 1332. Defendant's removal action does not specify on which grounds they seek removal under 28 U.S.C. § 1441, although Defendant references 28 U.S.C. § 1331 specifically and not 28 U.S.C. § 1332. Regardless, Defendant's briefing provides no legal argument in support of removal under either federal question or diversity grounds and the Court finds no basis under which its jurisdiction would exist.[3]

With respect to federal question jurisdiction under 28 U.S.C. § 1331, the complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 9–10.) Defendant fails to identify any federal law under which the action was brought. Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant complaint relies solely on California state law and does not mention expressly or impliedly any federal law or statute. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392. Therefore, the Court cannot find a basis for removal under federal question jurisdiction.

Removal under diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. However, the state court complaint indicates that the action is a limited civil case that does not exceed $25,000 in controversy. (Summons, ECF No. 1 at 11.) Defendant has failed to show by a preponderance of the evidence that the amount in controversy has been met. *Abrego Abrego v.*

---

[3] Defendant also removes under 28 U.S.C. § 1446(b), which is simply the codified procedure for removal of civil actions and not a grounds upon which the Court can determine if it has jurisdiction over the subject matter of the case itself. Therefore, the Court does not consider Defendant's removal under 28 U.S.C. § 1446(b).

*The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("[T]he removing defendant has always borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement."). Moreover, Defendant has similarly failed to make any argument to indicate that his state citizenship is diverse from Plaintiff. *Id*. Therefore, the Court cannot find a basis for removal under diversity jurisdiction.

B.     Civil Rights Removal - 28 U.S.C. § 1443

A notice of removal based on 28 U.S.C. § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). *See also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. "The ground for removal under section 1443(1) is both specific and extremely narrow." *JP Morgan Chase Bank, NA vs. Omry Reznik*, No. CV1506590RGKAJWX, 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (citing *Davis v. Super. Ct. of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972)).

Defendant seeks removal of this action under 28 U.S.C. 1443, but has failed to satisfy the two requirements of the test. First, Defendant fails to identify the "explicit statutory enactment protecting equal racial civil rights" that is violated by the State's action. *Sandoval*, 434 F.2d at 636. Instead, Defendant simply states that this case arises under "the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, The Ninth Amendment, the Eleventh Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservation." These general assertions are not sufficient to meet the first prong of the test. *Id*.

Defendant also fails to satisfy the second criteria of the test. Even if Defendant had properly identified a right to equal protection under the United States Constitution, he has failed

4

to demonstrate that California state courts will not enforce that right. Defendant does not and cannot identify any California state law or constitutional provision that commands state courts to ignore an amendment to the United States Constitution. *See Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010); *see also Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

### C. Removal Based on Counterclaims or Affirmative Defenses

Finally, Defendant states that removal is appropriate under 15 U.S.C. § 1692k(d), the Fair Debt Collection Practice Act. (ECF No. 1 at 1.) Defendant also states in another portion of his briefing that removal is appropriate under various other similar concepts, such as 42 U.S.C. § 1983, various criminal violations, and "Statute of Fraud." (ECF No. 1 at 1–2.) The Court can only assume that Defendant intends to argue that these issues are federal questions and would invoke federal jurisdiction under 28 U.S.C. § 1331. However, all these stated grounds for removal are insufficient for the same reason – none of these statutes, laws, or legal concepts are referenced in the complaint. Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant complaint relies solely on California state law and does not mention expressly or impliedly any of the other legal grounds offered in this briefing. (ECF No. 1 at 12–13.)

If Defendant intends to argue that Plaintiff is violating these laws by its actions, such an assertion is similarly not grounds for removal. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendant may contend in the notice of removal that Plaintiff has violated a federal or other law, this assertion relates only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *See Vaden*, 556 U.S. at 60-62. "[A] counterclaim – which

appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). The state court complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law and not under federal law. (ECF No. 1 at 12–13.) Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent.

### IV.     CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, Defendant has failed to demonstrate that the court has subject matter jurisdiction to hear this action. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not."). Thus, for the reasons stated above, the Court hereby remands this action to the Superior Court of California, County of Solano.

IT IS SO ORDERED.

Dated: April 11, 2016

Troy L. Nunley
United States District Judge